1
2
3
4
5
6
7 **UNITED STATES DISTRICT COURT**

8 EASTERN DISTRICT OF CALIFORNIA

9

10 JOHN ALDON ALLEN,

Plaintiff,

11 v.

12 CALIFORNIA DEPARTMENT OF
13 CORRECTIONS, et al.,

14 Defendants.

15

16

Case No. 1:23-cv-00213-SAB (PC)

SCREENING ORDER GRANTING
PLAINTIFF LEAVE TO FILE AN
AMENDED COMPLAINT

(ECF No. 1)

17     Plaintiff John Aldon Allen is proceeding pro se and in forma pauperis in this civil rights

18 action filed pursuant to 42 U.S.C. § 1983.

19     Currently before the Court is Plaintiff's complaint, filed February 13, 2023.

20 **I.**

21 **SCREENING REQUIREMENT**

22     The Court is required to screen complaints brought by prisoners seeking relief against a

23 governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

24 Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

25 "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that

26 "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. §

27 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

28 ///

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

On July 5, 2022, Plaintiff was sent out to court to Marin County from North Kern State Prison (NKSP).  Plaintiff was housed in Facility C, Building East when on June 29, 2022 an inmate became ill with COVID-19.  On July 1, 2022, the building was placed on quarantine.  On July 5, 2022, Plaintiff was sent out to court with a positive test for COVID-19.  NKSP tested Plaintiff for the virus on July 1, July 3, and July 5, 2022.  On July 5, 2022, Plaintiff was tested prior to leaving NKSP and when he arrived at Marin County Jail he tested positive for COVID-19.  Plaintiff was placed in isolation for 14 days which delayed his court appearance.

///

2

From August 20, 2022 to October 8, 2022, and December 22, 2022 to December 20, 2022, NKSP housed Plaintiff in Facility C, Building 3, with COVID-19 infected inmates and potentially infected inmates who refused to comply with COVID testing protocols.  During that time period Warden Santoro and Chief Medical Officer Dr. Shittu failed to effectively and constantly review and evaluate the affected areas, programs, and operations so that normal time frames and actions would resume for my rehabilitation.  It was their lack of weekly administrative visits during a state of emergency that contributed to the negative results in Plaintiff's health and welfare.

From August 20, 2022 to the present, Plaintiff has sought administrative remedies that have not been provided, ignored, or denied.  By housing Plaintiff with the COVID infected and potentially infected inmates and refusal to respond to his pleas for help has had a material adverse effect on Plaintiff's health and welfare.

On September 29, 2022, Registered Nurse C. Williams met with Plaintiff and two other inmates regarding grievances filed against NKSP health care staff regarding housing with COVID infected and potentially infected inmates.  Plaintiff was advised that the issue did not involve health care and was rather a housing issue.  Williams statement was contrary to what Plaintiff was told by sergeants Bravo and Lawrence.

### III.

### DISCUSSION

#### A.    Linkage Requirement

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). To state a claim under section 1983, a plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Long, 442 F.3d at 1185. This requires the plaintiff to demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. In other words,

to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of his federal rights.

**B.     CDCR as Defendant**

CDCR is protected under the doctrine of sovereign immunity.  The Eleventh Amendment of the United States Constitution prohibits suits against a state and its agencies and departments for legal or equitable relief. See Federal Maritime Commission v. South Carolina State Ports Authority, 535 U.S. 743, 753 (2002).  "The Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants and applies whether the relief sought is legal or equitable in nature." Brooks v. Sulphur Springs Valley Elec. Co-op., 951 F.2d 1050, 1053 (9th Cir. 1991) (quotation omitted).  Accordingly, Plaintiff cannot bring a claim against CDCR.

**C.     Deliberate Indifference to Safety**

Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006); Osolinski v. Kane, 92 F.3d 934, 937 (9th Cir. 1996); Jordan v. Gardner, 986 F.2d 1521, 1531 (9th Cir. 1993) (en banc). Prison officials must, however, provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by Sandin v. Connor, 515 U.S. 472 (1995); see also Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982); Wright v. Rushen, 642 F.2d 1129, 1132-33 (9th Cir. 1981).

Two requirements must be met to show an Eighth Amendment violation.  Farmer v. Brennan, 511 U.S. 825, 834 (1994). "First, the deprivation must be, objectively, sufficiently serious." Id. (internal quotation marks and citation omitted). Second, "prison officials must have a sufficiently culpable state of mind," which for conditions of confinement claims, "is one of deliberate indifference." Id. (internal quotation marks and citation omitted). Prison officials act with deliberate indifference when they know of and disregard an excessive risk to inmate health or safety. Id. at 837. The circumstances, nature, and duration of the deprivations are

critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006). Mere negligence on the part of a prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at 835; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Farmer, 511 U.S. at 834; Hudson v. McMillian, 503 U.S. 1, 9 (1992). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson, 217 F.3d at 731. Second, the prison official must "know[ ]of and disregard[ ] an excessive risk to inmate health or safety...." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45.

It is clear that COVID-19 poses a substantial risk of serious harm. See Plata v. Newsom, 445 F.Supp.3d 557, 559 (N.D. Cal. Apr. 17, 2020) ("[N]o one questions that [COVID-19] poses a substantial risk of serious harm" to prisoners.). However, in order to state a cognizable Eighth Amendment claim against the warden, and the other defendants named, Plaintiff must provide more than generalized allegations that the warden and other defendants have not done enough regarding overcrowding or prison movement or housing assignment to control the spread. See Booth v. Newsom, No. 2:20-cv-1562 AC P, 2020 WL 6741730, at *3 (E.D. Cal. Nov. 17, 2020); Blackwell v. Covello, No. 2:20-CV-1755 DB P, 2021 WL 915670, at *3 (E.D. Cal. Mar. 10, 2021) (failure to state a claim against warden for failure to adequately control the spread of COVID-19 in the prison); Benitez v. Sierra Conservation Ctr., Warden, No. 1:21-CV-00370 BAM (PC), 2021 WL 4077960, at *5 (E.D. Cal. Sept. 8, 2021), report and recommendation adopted, 2021 WL 4593841 (E.D. Cal. Oct. 6, 2021) (Failed to state a claim on

allegations that overcrowding/lack of distance between inmates has exacerbated the conditions leading to transmission of COVID. Plaintiff alleges that there is no way to socially distance, among other conditions.); Sanford v. Eaton, No. 1:20-CV-00792 BAM (PC), 2021 WL 3021447, at *7 (E.D. Cal. July 16, 2021), report and recommendation adopted in part, rejected in part, No. 1:20-CV-00792 NONE BAM(PC), 2022 WL 168530 (E.D. Cal. Jan. 19, 2022 (in order to state a cognizable Eighth Amendment claim against the warden, associate wardens and any other defendants named, Plaintiff must provide more than generalized allegations that the warden, associate wardens and other defendants have not done enough regarding overcrowding to control the spread.)

The pertinent question in determining whether Plaintiff states a claim is whether Defendants' actions demonstrated deliberate indifference to that risk of harm. The key inquiry is not whether Defendants perfectly responded, complied with every CDC guideline, or whether their efforts ultimately averted the risk; instead, the key inquiry is whether they "responded reasonably to the risk." See Stevens v. Carr, No. 20-C-1735, 2021 WL 39542, at *4 (E.D. Wis. Jan. 5, 2021); accord Benitez v. Sierra Conservation Center, 1:21-CV-00370 BAM (PC), 2021 WL 4077960, at *5 (E.D. Cal. Sept. 8, 2021) (same); Sanford v. Eaton, 2021 WL 3021447, at *8 (same).

Here, Plaintiff contends that NKSP placed inmates infected with COVID-19 and potentially infected inmates in Facility C, Building 3.  First, Plaintiff fails to link any prison official responsible for his housing placement.  Second, Plaintiff does not explicitly plead that any Defendant knew that placing infected or potentially infected inmates in the same Facility and Building would pose a serious risk of infection to non-infected inmates housed there and nonetheless proceeded in the face of this risk.  Third, the mere fact that Plaintiff contracted COVID-19 does not give rise to a claim for deliberate indifference to this safety.  Accordingly, Plaintiff fails to state a cognizable claim for relief.

///

///

**D.     Deliberate Indifference to Serious Medical Need**

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds by Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096 (citation omitted).

"A medical need is serious if failure to treat it will result in significant injury or the unnecessary and wanton infliction of pain."  Peralta v. Dillard, 744 F.3d 1076, 1081 (9th Cir. 2014) (citation and internal quotation marks omitted).  "Indications that a plaintiff has a serious medical need include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'"  Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014).

To the extent Plaintiff is attempting to state a claim for deliberate indifference to a serious medical need, Plaintiff has not set forth sufficient facts to demonstrate that any Defendant acted with deliberate indifference to a serious medical need.  Accordingly, Plaintiff fails to state a cognizable claim for relief.

**E.     Inmate Grievance Process**

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law.  Wilkinson v. Austin, 545 U.S. 209, 221 (2005).  However, Plaintiff has no stand-alone due process rights related to the administrative grievance process.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (holding that there is no protected liberty interest to a grievance procedure).  California's regulations grant prisoners a purely procedural right: the

right to have a prison appeal. See Cal. Code Regs. tit. 15, §§ 3084-3084.9 (2014). In other words, prison officials are not required under federal law to process inmate grievances in a certain way. Thus, the denial, rejection, screening out of issues, review, or cancellation of a grievance does not constitute a due process violation. See, e.g., Evans v. Skolnik, 637 F. App'x 285, 288 (9th Cir. 2015) (a prison official's denial of a grievance does not itself violate the constitution); Wright v. Shannon, No. 1:05-cv-01485-LJO-YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Towner v. Knowles, No. CIV S-08-2823 LKK EFB P, 2009 WL 4281999 at *2 (E.D. Cal. Nov. 20, 2009) (allegations that prison officials screened out his inmate appeals without any basis failed to indicate a deprivation of federal rights); Williams v. Cate, 1:09-CV-00568-OWW-YNP PC, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims."). Similarly, Plaintiff may not impose liability on a defendant simply because he played a role in processing plaintiff's inmate appeals. See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (because an administrative appeal process is only a procedural right, no substantive right is conferred, no due process protections arise, and the "failure to process any of Buckley's grievances, without more, is not actionable under section 1983."). Accordingly, Plaintiff cannot and does not state a cognizable claim based on the processing and/or denial of any inmate grievance.

**IV.**

**CONCLUSION AND ORDER**

For the reasons discussed, Plaintiff fails to state a cognizable claim for relief and shall be granted leave to file an amended complaint to cure the deficiencies identified in this order, if she believes she can do so in good faith. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555

1  (citations omitted).  Further, Plaintiff may not change the nature of this suit by adding new,

2  unrelated claims in his amended complaint.  George, 507 F.3d at 607 (no "buckshot"

3  complaints).

4       Finally, Plaintiff is advised that an amended complaint supersedes the original

5  complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's

6  amended complaint must be "complete in itself without reference to the prior or superseded

7  pleading."  Local Rule 220.

8       Based on the foregoing, it is HEREBY ORDERED that:

9       1.     The Clerk's Office shall send Plaintiff a civil rights complaint form;

10      2.     Within thirty (30) days from the date of service of this order, Plaintiff shall file an

11             amended complaint;

12      3.     Plaintiff's amended complaint shall not exceed twenty-five (25) pages in length;

13             and

14      4.     If Plaintiff fails to file an amended complaint in compliance with this order, the

15             Court will recommend to a district judge that this action be dismissed consistent

16             with the reasons stated in this order.

17

18  IT IS SO ORDERED.

19  Dated:  __**February 23, 2023**__                    _____

20                                              UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28