# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ALDON ALLEN,<br><br>     Plaintiff,<br><br>     v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>     Defendants. | Case No.: 1:23-cv-0213 JLT SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AND DISMISSING ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>(Doc. 11) |

John Aldon Allen asserts that he suffered civil rights violations during the course of his confinement and seeks to hold the defendants liable for violations of the Eighth Amendment and "CDCR Title 15" after he contracted COVID-19.  (*See generally* Doc. 10.)

The magistrate judge found Plaintiff failed to state a cognizable claim.  (Doc. 11.)  The magistrate judge observed that "[i]t is clear that COVID-19 poses a substantial risk of serious harm." (*Id.* at 7, citing *Plata v. Newsom*, 445 F.Supp.3d 557, 559 (N.D. Cal. Apr. 17, 2020).)  However, the magistrate judge observed that "to state a cognizable Eighth Amendment claim against the warden, and the other defendants named, Plaintiff must provide more than generalized allegations that the warden and other defendants have not done enough regarding overcrowding or prison movement or housing assignment to control the spread."  (*Id.* at 7, citing *Booth v. Newsom*, 2020 WL 6741730, at *3 (E.D. Cal. Nov. 17, 2020); *Blackwell v. Covello*, 2021 WL 915670, at *3 (E.D. Cal. Mar. 10, 2021); *Benitez*

1

*v. Sierra Conservation Ctr., Warden*, 2021 WL 4077960, at *5 (E.D. Cal. Sept. 8, 2021), *adopted*, 2021 WL 4593841 (E.D. Cal. Oct. 6, 2021).)

The magistrate judge found Plaintiff also failed to "link any prison official responsible for his housing placement," and he did not allege "any Defendant knew that placing infected or potentially infected inmates in the same Facility and Building would pose a serious risk of infection to non-infected inmates housed there and nonetheless proceeded in the face of this risk." (Doc. 11 at 8.) The magistrate judge concluded Plaintiff failed to allege facts supporting a conclusion that "Defendants were deliberately indifferent to the spread of the disease," and instead the allegations "demonstrate that Defendants engaged in active conduct to manage the spread of the virus." (*Id.* at 9.) The magistrate judge also determined Plaintiff alleged facts supporting a conclusion that "any Defendant was deliberately indifferent to his medical needs once he contracted COVID-19." (*Id.* at 10.) Finally, the magistrate judge noted Plaintiff sought to hold the defendants liable for violations of regulations under "CDCR Title 15," and found such a claim was not cognizable under 42 U.S.C. § 1983, which addresses rights arising under federal law. (*Id.* at 10-11; *see also* Doc. 10 at 6-7.) Therefore, the magistrate judge recommended the first amended complaint be dismissed. (*Id.* at 11.) Because the Court previously identified the applicable legal standards and Plaintiff failed to cure the pleading deficiencies, the magistrate judge recommended the dismissal be without leave to amend. (*Id.*)

On June 1, 2023, Plaintiff filed Objections to the Findings and Recommendations.[1] (Doc. 14.) Although Plaintiff renews his argument that he should not have been transferred from NKSP for his court proceedings, he does not show the transfer placed him at risk of contracting COVID-19 or that the defendants acted with deliberate indifference performing the transfer. *See, e.g., Stephen v. Tilestone*, 2021 WL 289379, at *6 (E.D. Cal. Jan. 28, 2021) (finding the plaintiff failed to allege Eighth Amendment violation related to a prison transfer that purportedly put him at extreme risk of contracting

---

[1] The Findings and Recommendations were served on Plaintiff on April 14, 2023, and it contained notice that objections were to be filed within fourteen days. (Doc. 11 at 12.) On April 25, 2023, Plaintiff filed a notice of change of address. (Doc. 12.) The Court re-served the Findings and Recommendations on Plaintiff at his new address of record. However, Plaintiff filed another notice of change of address on May 2, 2023. (Doc. 13.) The Court re-served the Findings and Recommendations at the identified address on May 4, 2023. At the same time Plaintiff filed his Objections, he submitted a Notice of Change of Address. (Doc. 14.) Plaintiff reports he received the Findings and Recommendations on May 23, 2023. (*Id.* at 1.) Due to the changing addresses and reported delay in receiving the Findings and Recommendations, the Court deems the objections timely.

COVID-19 because he did not allege facts showing how any particular defendant violated his rights). Plaintiff also fails to identify any facts in his First Amended Complaint to show the defendants acted with deliberate indifference to *him*, either with actions taken to prevent the spread of COVID-19 at the prison or the medical care he received after contracting the virus.  As the magistrate judge observed, Plaintiff clearly identified actions taken at the prison—including testing protocols, quarantine, and isolating inmates who tested positive— in response to the pandemic.  To the extent they failed to comply with identified COVID-19 guidelines and protocols, this alone is insufficient to support a claim under the Eighth Amendment.  *See, e.g., Greer v. Caravajal,* 2022 WL 4826513, at *9 (C.D. Cal. June 30, 2022) ("When examining whether a prison official subjectively acted with deliberate indifference to the risk of COVID-19, the key inquiry is not whether the official perfectly responded, complied with every CDC guideline, or whether his efforts ultimately averted the risk"), *adopted* 2022 WL 4842927 (C.D. Cal. Sept. 30, 2022); *see also Jones v. Sherman*, Case No. 21-1093-ADA-EPG, 2022 WL 783452, at *8 (E.D. Cal. Mar. 11, 2022) ("the failure to follow certain COVID-19 guidelines, without more, is insufficient to satisfy the subjective prong of the deliberate indifference standard")*, adopted* 2022 WL 4238875 (E.D. Cal. Sept. 14, 2022).

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court conducted a *de novo* review of this case.  Having carefully reviewed the entire file—including Plaintiff's objections—the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Accordingly, the Court **ORDERS**:

1. The Findings and Recommendations (Doc. 11) are **ADOPTED** in full.
2. The instant action is **DISMISSED** for failure to state a cognizable claim.
3. The Clerk of Court shall close this action.

IT IS SO ORDERED.

Dated:   **June 19, 2023**

UNITED STATES DISTRICT JUDGE